## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

ADRIAN BUFORD WADE,         )
                                 )
       Plaintiff,             )
                                 )
         v.               )         No. 4:12-CV-604-JAR
                                 )
UNKNOWN EDWARDS, et al.,     )
                                 )
      Defendants.          )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Adrian Buford Wade (registration no. 133059) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted and plaintiff will be assessed an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater

of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $30.00, and an average monthly account balance of $1.76. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.00, which is 20 percent of plaintiff's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989).   An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.   *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.   First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009).   These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949.   Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51.   This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.   The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.*   The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.   When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's

3

conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff, an inmate at the St. Louis City Justice Center ("SLCJC"), seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Unknown Edwards (Deputy Superintendent), SLCJC, Corizon, Inc., Ken McCain, Unknown Mitchell (Correctional Officer), Susan Singer (Doctor), Unknown Hatter (Nurse), Unknown Fox (Nurse), Unknown Long (Correctional Officer), Unknown Hinkle (Nurse), Unknown Reynolds (Nurse), "The Charge Nurses on 3/16/12," and Unknown Robota (Nurse). In addition, plaintiff asserts pendent state-law claims for medical negligence, mental cruelty, and mental anguish. Plaintiff's allegations arise out of his confinement at SLCJC, where he believes he has been "medically neglected."

## Discussion

Plaintiff brings this action against the individual defendants, Unknown Edwards, Ken McCain, Unknown Mitchell, Susan Singer, Unknown Hatter, Unknown

Fox, Unknown Long, Unknown Hinkle, Unknown Reynolds, "The Charge Nurses on 3/16/12," and Unknown Robota, in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).  Official-capacity suits are tantamount to suits brought directly against the public entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  To state a claim against a public entity or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the public entity was responsible for the alleged constitutional violation.  *Brandon v. Holt*, 469 U.S. 464, 473 (1985); *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).  Because plaintiff does not claim that a public entity's policy or custom was responsible for the alleged constitutional violations, the complaint fails to state a claim or cause of action under § 1983 as to the individual defendants in their official capacities.

The complaint also fails to state a claim and is legally frivolous as to defendant Corizon, Inc., because plaintiff has failed to assert any allegations against this corporate defendant. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993)(to state a claim against private corporation acting under color of state law, plaintiff must allege existence of policy, custom, or official action that caused actionable injury; corporation will be held liable only for its own unconstitutional

policies); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).

Plaintiff's claims against defendant SLCJC will also be dismissed as legally frivolous, because jails are not suable entities. *See Lair v. Norris*, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999)(en banc)(§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(jails are not entities amenable to suit).

As additional grounds for dismissing this action, the Court finds that plaintiff's allegations do not rise to the level of constitutional violations and are mere conclusory statements that will not be given an assumption of truth. *See Iqbal*, 129 S. Ct. at 1950-51.[1] To state a claim for unconstitutional medical mistreatment, a plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. *Estelle v.*

---

[1] Plaintiff summarily claims that Dr. Singer allows the nurses "to mistreat detainees, ignore their medical needs and verbally abuse them"; defendant Mitchell "promised [plaintiff] to get [him] to court"; defendant Long failed to take plaintiff to medical and "ignored [his] chest pains"; defendant McCain was "informed of treatment from medical when [plaintiff] arrived"; and the nurses either gave plaintiff medical advice, spoke to him in an "abusive tone," ignored him when he asked them to contact Dr. Singer, or ignored "orders by Singer."

*Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995).  To show deliberate indifference, a plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs.  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  Furthermore, to state a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation."  *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  Medical malpractice alone is not actionable under the Eighth Amendment.  *Smith v. Clarke*, 458 F.3d 720, 724 (8th Cir. 2006).  Plaintiff's claims fail to state an Eighth Amendment deliberate indifference or medical-mistreatment claim.

For these reasons, the Court will dismiss plaintiff's § 1983 claims as legally frivolous and for failure to state a claim or cause of action, pursuant to §1915(e)(2)(B).

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims will be dismissed, as well.  See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co.,851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed,

district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $6.00 within thirty (30) days from the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the allegations are legally frivolous and fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of April, 2012.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**